UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Degree, #308714, | ) | C/A No. 3:10-2596-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| State Employees, C/O Toth and C/O Grant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jeffrey Degree ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint appears to name SCDC employees as defendants.[2] Plaintiff claims that the Defendants interfered with his receiving medical care which violated his constitutional rights. Plaintiff seeks money damages. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

§ 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, the Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the Plaintiff had prepaid the full filing fee, this Court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district

2

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff is incarcerated at Perry Correctional Institution, and he alleges that the Defendants Toth and Grant refused to select him for sick call on September 27, 2010, which resulted in his being denied medical assistance on that day. He alleges that Nurse Young was on duty on September 27, 2010, to see inmates for "sick call." Defendants Toth and Grant were working the wing that day, and they allegedly "pulled" only two inmates for "sick call." They allegedly advised the other inmates who were not selected that the nurse had an emergency which is the reason they refused to select anyone else for "sick call." Later, allegedly Plaintiff overheard Defendants Toth and Grant tell other inmates that "the other request was not for sick call so they didn't pull them." On September 27, 2010, Plaintiff was allegedly having problems with his "feet itching and burning." He believed that "some cream would stop it." Plaintiff was upset that Defendants Toth and Grant made the decision as to which inmates could go to "sick call" on that date. Plaintiff alleges that the nurse should have decided whom to treat at "sick call." Plaintiff also believes that the Defendants wrongfully determined that his request was not for "sick call."

3

Plaintiff seeks the following relief:

> I have high blood pressure and this made me upset. I feel that these C/O's (sic) should have to pay me for my mental stress that I've suffered, and physical pain with my feet burning and icthing (sic). Am asking for two thousand dollars each of these C/O's (sic) involved. I also want defendants pay court costs and lawyer fees.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff appears to allege that his Eighth Amendment right to be free from cruel and unusual punishment was violated on September 27, 2010, due to the deliberate indifference of the Defendants to Plaintiff's need for medical care. A prisoner may state a constitutional claim when his medical care was so deficient as to constitute deliberate indifference to objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Webb v. Driver*, No. 08-6449, 2008 WL 5063859 (4th Cir. Nov. 24, 2008) (finding that the plaintiff alleged a cognizable claim due to a hernia condition, the need for a medically necessary surgery, and unbearable pain).

In this case, Plaintiff failed to state a claim on which relief may be granted. Although this Court must liberally construe the *pro se* Complaint and the Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim). Plaintiff here did not plead any factual allegations that would show an objectively serious medical need, which is a required element of his cause of action. *See Webb v. Driver*, No. 08-6449, 2008 WL 5063859 (4th Cir. Nov. 24, 2008) (explaining that a medical need may be deemed objectively serious if it is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention'") (citation omitted). Plaintiff alleged that on September 27, 2010, his feet were itching and burning, which certainly does not sound comfortable. However, Plaintiff does not allege, for example, any blisters, unbearable pain, and that the condition lasted for a lengthy period of time. Plaintiff alleges a medical need, but not an objectively *serious* medical need. *See Allen v. Gaskins*, No. 0:08-1338-SB-PJG, 2010 WL 1010014 (D.S.C. Feb. 18, 2010) (finding that a skin condition known as Scabies, which is a contagious infestation of the skin with the itch mite, was not a serious medical need). Therefore, even if the Defendants acted deliberately indifferent toward him, Plaintiff did not allege a cognizable claim that his constitutional

rights were violated because he did not allege a serious medical need. *See Henderson v. Gordineer*, No. 3:06-1425-TLW-JRM, 2007 WL 840273, *5 (D.S.C. March 14, 2007) (dry skin was not a serious medical need); *Williams v. Tomlin*, No. 98-1234, 1999 WL 644383 (6th Cir. Aug. 13, 1999) (prisoner's complaints of a burning sensation and bleeding after applying medicated skin cream to his face was not a serious medical need where nurse noted that the prisoner had no "blistering redness," but merely a few patches of dry skin). *See also Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990) (explaining when a medical treatment claim can be brought against non-medical prison personnel).

Additionally, to the extent that Plaintiff may be bringing a claim because the Defendants were permitted to make the decision as to which inmates could see the nurse, this claim also fails to state a cognizable constitutional claim because Plaintiff did not allege that he exhibited a serious medical need. Further, as a general rule, federal courts should not interfere with prison officials' management of prisons. *See Lovelace v. Lee*, 472 F.3d 174, 192-93 (4th Cir. 2006) (noting that courts should not plunge into prison policymaking); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (noting that "the Supreme Court has cautioned that we should be hesitant to substitute our judgments for those of prison administrators").

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to

6

determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

November 8, 2010
Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).